TRANSPORT OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CARLOS WATLER, DEFENDANT, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT-RESPONDENT.

Argued March 5, 1979—Decided April 10, 1979.

Mr. *John R. Gercke* argued the cause for appellant (*Messrs. Schuenemann and Gercke,* attorneys).

Mr. *William R. Hopkin, Jr.* argued the cause for respondent (*Messrs. Tomlin, Clark and Hopkin,* attorneys).

Per Curiam. We affirm essentially for the reasons stated in Judge Botter's opinion, subject to the following comments. Transport of New Jersey (TNJ), as a self-insurer, is not a "qualified person" under *N. J. S. A.* 39:6–62 and thus is not entitled to recover from the Unsatisfied Claim and Judgment Fund. The certificate of self-insurance issued to TNJ pursuant to *N. J. S. A.* 39:6–52 is a "policy" under which TNJ is insured for purposes of *N. J. S. A.* 39:6–62. Incorporated within this "policy" of self-insurance is the uninsured motorist coverage required of all motor vehicle insurance policies by *N. J. S. A.* 17:28–1.1. *Cf. Comorote v. Massey*, 110 *N. J. Super.* 124, 127–128 (Law Div. 1970) (self-insurer must provide the omnibus coverage required of all insurance policies by *N. J. S. A.* 39:6–46(a)).

We affirm the judgment setting aside the order for payment from the Fund and we affirm the remand to the trial court to permit plaintiff to proceed against Watler. In those proceedings plaintiff shall have leave to prove that there had been a waiver of the sufficiency of service of process on defendant Watler. See *R.* 4:6–7.

Affirmed, as modified.

*For affirmance as modified*—Chief Justice Hughes and Justices Mountain, Sullivan, Pashman, Clifford, Schreiber and Handler—7.

*For reversal*—None.