170 N.J. Super. 598 (1979)
407 A.2d 1235
MARILYN MORTIMER, PLAINTIFF-RESPONDENT,
v.
FRANK PETERKIN, JR., DEFENDANT-APPELLANT, AND TRANSPORT OF NEW JERSEY, A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1979.
Decided October 23, 1979.
*599 Before Judges FRITZ, KOLE and LANE.
Mr. John R. Leith argued the cause for appellant (Messrs. Mattson, Madden & Polito, attorneys).
Mr. Leonard J. Felzenberg argued the cause for respondent (Mr. Richard A. Feldman, on the brief).
PER CURIAM.
This appeal involves the question reserved in Transport of New Jersey v. Watler, 161 N.J. Super. 453 (App.Div. 1978), aff'd 79 N.J. 400 (1979), as to "whether self-insurers are liable to their passengers for injuries caused solely by the negligence of uninsured motorists." (Id. at 465.) In the matter before us plaintiff was a passenger in a vehicle owned by Transport of New Jersey (Transport) which collided with a vehicle operated by defendant Peterkin, an uninsured motorist. A jury trying the issue of liability exonerated Transport, finding the uninsured motorist to be solely responsible for the occurrence of the accident. The trial judge entered an order against the Unsatisfied Claim and Judgment Fund (UCJF) directing payment of an amount to which plaintiff and Peterkin had stipulated, reserving from the stipulation as to these damages any concession regarding UCJF responsibility.[1]
No sound reason has been here forwarded as to why a self-insurer should be relieved of any of the obligations with *600 respect to uninsured motorist coverage which would be imposed upon an insured carrier or other owners of automobiles principally garaged in New Jersey who are obligated to carry uninsured motorist coverage. This is the sense of Watler, supra, and consistent with its sound rationale. There we said, "Self-insurers such as Transport should be expected to cover at least the same risks that other motorists are required by law to cover." (Id. at 463-464.) In its affirmance, the Supreme Court noted without qualification,
* * * The certificate of self-insurance issued to TNJ [Transport] pursuant to N.J.S.A. 39:6-52 is a "policy" under which TNJ is insured for purposes of N.J.S.A. 39:6-62. Incorporated within this "policy" of self-insurance is the uninsured motorist coverage required of all motor vehicle insurance policies by N.J.S.A. 17:28-1.1. Cf. Comorote v. Massey, 110 N.J. Super. 124, 127-128 (Law Div. 1970) (self-insurer must provide the omnibus coverage required of all insurance policies by N.J.S.A. 39:6-46(a)). [79 N.J. at 401, 400 A.2d at 61.]
There is no question but that such coverage protects a passenger. This being so, plaintiff must look to Transport for reimbursement under its uninsured motorist obligation rather than to UCJF. Needless to say that since this particular claim against Transport has not yet been the subject of any action, there is no impediment to plaintiff's proceeding against Transport with such a claim.
The order of the trial judge dated December 8, 1977 directing the State Treasurer to pay plaintiff $10,500 is set aside.
NOTES
[1] In deference to the trial judge we note that his decision preceded our determination in Watler.