250 N.J. Super. 536 (1991)
595 A.2d 563
KENNETH ROX AND WILFREDO RODRIGUEZ, PLAINTIFFS,
v.
ALLSTATE INSURANCE COMPANY, THE PRUDENTIAL INSURANCE COMPANY, CITY OF NEWARK, XYZ CORP., (A-10, FICTITIOUS NAMES), DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided July 22, 1991.
*538 Irwin B. Seligsohn for plaintiffs Kenneth Rox and Wilfredo Rodriguez (Goldberger & Seligsohn, attorneys).
John J. Kennedy for defendant Allstate Insurance Company (Kennedy & Kennedy, attorneys).
Raymond R. Connell for defendant Prudential Insurance Company (Dwyer, Connell & Lisbona, attorneys; Kenneth F. Mullaney, Jr., on the brief).
John C. Pidgeon, First Assistant Corporation Counsel for defendant City of Newark (Glenn A. Grant, Corporation Counsel, attorney).
VILLANUEVA, J.S.C.
The primary issue herein is whether an insurance carrier which issues a policy containing uninsured motorist coverage must exhaust these benefits before a semi-insured public entity is required to provide benefits. The court holds that it does not, and the benefits must be pro rated the same as if the public entity were insured by a commercial insurance policy.

STIPULATED STATEMENT OF FACTS
This matter involves a claim for uninsured motorist benefits by plaintiffs Kenneth Rox and Wilfredo Rodriguez arising out of a motor vehicle accident which occurred on May 16, 1988 on Summer Avenue in Newark, New Jersey. Plaintiffs Kenneth Rox and Wilfredo Rodriguez were detectives for the City of Newark ("City") on duty in an unmarked unit at the time of the accident. There was a collision between the plaintiffs' patrol car and a motor vehicle operated by Julio Vasquez. The vehicle, owned by Judith A. Katz, had been reported stolen in Woodbridge prior to the accident. Mr. Vazquez had been followed by another police cruiser through various streets in Newark prior to the accident.
Plaintiff Rox had a personal policy of automobile liability insurance issued by Allstate Insurance Company ("Allstate") *539 providing for uninsured motorist benefits. Plaintiff Rodriguez had a personal policy of automobile liability insurance issued by Prudential Insurance Company ("Prudential"), also providing for uninsured motorist benefits. Plaintiffs seek a judgment declaring that all defendants be ordered to arbitrate the uninsured motorist claims and that payment of any award be made on a pro rata basis for each plaintiff between Allstate and the City and Prudential and the City, respectively. In the alternative, plaintiffs seek to compel Allstate and Prudential to provide sole uninsured motorist benefits to each of the plaintiffs without any pro rata share to be borne by the City. Plaintiffs also seek a judgment declaring that defendants pay attorneys fees and costs as well as interest on any monies paid pursuant to the Uninsured Motorist Provisions of the Allstate and Prudential policies.
Defendant City takes the position that it does provide uninsured motorist coverage in the amount of $15,000 per person and $30,000 per occurrence for both plaintiffs related to the subject accident but that such coverage would be excess over the coverage provided by Allstate and Prudential. Defendant City also claims it is not required to participate in arbitration proceedings. Allstate and Prudential take the position that they do provide uninsured motorist coverage to their respective insured, are willing to arbitrate the uninsured motorist claims and agree to provide coverage on a pro rata basis up to the total amount of the highest coverage available to the respective plaintiffs.
Since Allstate provides $100,000 in uninsured motorist coverage, it takes the position that plaintiff Rox would be entitled to recover uninsured motorist benefits up to the sum of $100,000 with a pro rata contribution being made by City. Prudential takes the same position except that the amount of its coverage has not been disclosed to the Court.

ALLEGATIONS OF THE COMPLAINT
The complaint seeks a judgment declaring:

*540 1. Defendants be ordered to arbitrate the personal injury claims of the plaintiffs and that payment be made on a pro rata basis for each plaintiff between defendant Allstate Insurance Company and the City of Newark, and the Prudential Insurance Company and the City of Newark, respectively.
2. That the policy of insurance held by the Allstate Insurance Company for plaintiff Kenneth Rox and the policy of insurance held by the Prudential Insurance Company for plaintiff Wilfredo Rodriguez provides sole uninsured motorist benefit to each of the plaintiffs without any pro rata share to be borne by defendant City of Newark.
3. That the defendants pay reasonable attorneys' fees for the prosecution of this claim and all matters connected therewith.
4. That the defendants pay all costs connected with this lawsuit and all matters connected therewith.
5. That defendants pay interest on any monies paid pursuant to the uninsured motorist provisions as of the date of the filing of the within Complaint.

ALLSTATE'S MOTION FOR SUMMARY JUDGMENT
Allstate moves for summary judgment (1) to dismiss the claims against it; (2) to compel City to participate in the uninsured motorist arbitration proceeding demanded by plaintiff Rox; (3) to hold City responsible to pay to plaintiff Rox its share of any award in favor of plaintiff Rox in the uninsured motorist arbitration proceeding up to $15,000; and (4) to require the share of defendant City of any award rendered to plaintiff Rox in the uninsured motorist proceeding be the percentage of what its applicable uninsured motorist coverage of $15,000 bears to the total of the limits of all applicable uninsured motorist coverages available to plaintiff Rox.
Prudential joins in Allstate's motion to have the same theory applied to its uninsured motorist policy.

CITY'S CROSS-MOTION FOR SUMMARY JUDGMENT
City contends that:
(1) An insurance carrier who issues a policy which contains uninsured motorist coverage should be primarily responsible for providing such benefits, which must be exhausted before the City has to provide benefits;
(2) The bar against subrogation contained in N.J.S.A. 59:9-2(e) requires that the Allstate Insurance policy provide primary coverage;

*541 (3) City cannot be required to participate in arbitration with respect to this matter; and
(4) City is entitled to reimbursement of the worker's compensation liens with respect to plaintiffs from the proceeds of the resolution of the uninsured motorist benefits claims.

CITY IS RESPONSIBLE FOR PRO RATA SHARE OF ANY AWARD
A self-insured municipality must provide uninsured motorist coverage to fulfill the legislative intent of providing an individual injured by an uninsured motorist with a minimum of $15,000.00/$30,000.00 coverage. Christy v. City of Newark, 102 N.J. 598, 607-608, 510 A.2d 22 (1986).
Rather than obtain from an insurance company a liability insurance policy covering its motor vehicles, defendant City of Newark established an insurance fund under N.J.S.A. 40A:10-6. Id. at 600, 510 A.2d 22. When it created a fund under N.J.S.A. 40A:10-6, Newark effected a statutory contract, obligating itself to furnish the UM coverage mandated under N.J.S.A. 17:28-1.1 to the extent of at least the statutory minimum of $15,000. Id. at 608, 510 A.2d 22.
City acknowledges that it does provide Uninsured Motorist Coverage in the amount of $15,000 per person and $30,000 per occurrence for both plaintiffs, but contends that its coverage is excess to the coverage provided by Allstate and Prudential.
Allstate and Prudential contend that co-defendant City is responsible for its concurrent and pro rata share of any award rendered to plaintiffs in the Uninsured Motorist Arbitration Proceeding pursuant to N.J.S.A. 17:28-1.1(c), the so-called "anti-stacking" legislation, which provides:
Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured. If the insured had uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the *542 applicable coverages as the limits of each coverage bear to the total of the limits.
This section of the statute became effective on January 1, 1984, prior to the date of plaintiffs' accident, May 16, 1988. Therefore, it is controlling.
Allstate's reliance upon Allstate Insurance Co. v. Alvarado, 227 N.J. Super. 152, 549 A.2d 905 (Law Div. 1988) is not justified because the accident in that case occurred prior to the enactment of N.J.S.A. 17:28-1.1(c) and Allstate took the position that its policy was excess over the uninsured motorist coverage provided by the City of Newark. In the case at bar, Allstate makes no such contention; in fact, N.J.S.A. 17-28-1.1(c) has legislatively mandated that with respect to uninsured motorist coverage provided under multiple policies issued to the insured, that there shall be no distinction as between excess and primary coverage but rather that such coverage will be afforded to the insured on a pro rata basis. This Statute also provides that the insured shall be entitled to recover up to the amount of the higher of the applicable limits of the respective coverages and that the proration between the applicable coverages shall be as the limits of each coverage bear to the total of the limits.
A self-insured municipality is required to bear the risk of its own loss caused by an uninsured motorist and not make claim against the Unsatisfied Claim and Judgment Fund. Transport of New Jersey v. Watler, 161 N.J. Super. 453, 463-465, 391 A.2d 1240 (App.Div. 1978), aff'd. 79 N.J. 400, 400 A.2d 61 (1979). Primary coverage is required from an insurance company rather than the Fund. Crocker v. Transport of New Jersey, 169 N.J. Super. 498, 501, 404 A.2d 1293 (Law Div. 1979). City's reliance on these cases is misplaced because the Fund is not involved in this case.
The City, judicially obligated to provide uninsured motorist coverage, should have the same responsibilities, as well as the same benefits, of any private insurance carrier. Each must provide uninsured motorist benefits to plaintiffs.
*543 Co-defendant City is responsible for a concurrent and pro rata share of any award rendered in favor of the plaintiffs up to the total amount of $15,000 each, with its pro rata share being the percentage which its applicable coverage of $15,000 bears to the total of all applicable coverages available to each of the plaintiffs. City is responsible for a pro rata share of any award rendered in favor of plaintiff Rox up to the total amount of $15,000 and its pro rata share would be that percentage which its applicable coverage of $15,000 bears to the total of all applicable coverages, which in this case would be $115,000. That percentage would be 13.04% and plaintiff Rox would be entitled to uninsured motorist coverage up to $100,000 which is the higher limit contained in the Allstate policy. City's responsibility to plaintiff Rodriguez would be determined in the same manner.

CITY IS ENTITLED TO REIMBURSEMENT OF WORKER'S COMPENSATION PAYMENTS MADE TO PLAINTIFFS FROM ANY AWARD
The City is entitled to reimbursement of worker's compensation payments made to plaintiffs from any award. Montedoro v. City of Asbury Park, 174 N.J. Super. 305, 308-309, 416 A.2d 433 (App.Div. 1980); Midland Ins. Co. v. Colatrella, 102 N.J. 612, 618, 510 A.2d 30 (1968); Christy v. City of Newark, supra, 102 N.J. at 609-610, 510 A.2d 22.
City asserts that the plaintiffs' entitlement to uninsured motorist benefits is limited by the provisions of N.J.S.A. 59:9-2(e), which requires a deduction of any amount due from a public entity which are compensated by a third party. However, as indicated in Christy v. City of Newark, supra, 102 N.J. at 610, 510 A.2d 22, an uninsured motorist claim cannot be characterized as a claim for a tort having been asserted against a municipality. It is an obligation which arises out of a statutory contract rather than tort. Accordingly, the Tort Claims Act does not apply to this case.

*544 THE CITY IS NOT REQUIRED TO PARTICIPATE IN ARBITRATION WITH RESPECT TO THIS MATTER
There is no basis upon which to compel City to submit disputes over uninsured motorist coverage to arbitration. City has consistently refused to arbitrate claims for uninsured motorist coverage. Absent an agreement by City to submit to arbitration, it cannot be compelled to submit the matter to arbitration.
In the absence of a consensual understanding, neither party is entitled to force the other to arbitrate their dispute. In re Matter of Arbitration Between Glover, 80 N.J. 221, 228, 403 A.2d 448 (1979).
Commercial arbitration today serves much the same purpose as it did in the middle ages. As our Courts have noted, arbitration
* * * is a substitution, by consent of the parties, of another tribunal for the tribunal provided by the ordinary process of law ... [Citation Omitted]. Glover, supra., dissent at 234, 403 A.2d 448.
Absent consent of the City, there is a right to a judicial determination rather than arbitration.
In Christy v. City of Newark, supra, the Court did not decide the issue as to whether or not the municipal defendant in that case was required to participate in arbitration proceedings. The Court remanded that issue back to the trial court for further development of the facts. However, the Court referred to the first form of coverage against uninsured motorists which was approved by the Commissioner of Insurance on April 2, 1969, which prescribed arbitration as the means for providing such benefits which had to be used by all insurers writing automobile policies in New Jersey. The Court stated:
... Were we certain that the only form that the Commissioner had approved for the provision of UM benefits called for arbitration, we would again have no hesitancy in making arbitration a part of Newark's obligation. Id. 102 N.J. at 611, 510 A.2d 22.
The Commissioner of Insurance approves the arbitration clause with respect to uninsured motorist coverage contained in standard insurance policies but does not require one. There is *545 no statutory or regulatory requirement to mandate a nonconsenting self-insured municipality, such as the City of Newark, to have uninsured motorist disputes resolved by arbitration. Allstate Ins. Co. v. Alvarado, supra, 227 N.J. Super. at 158, 549 A.2d 905.
Unlike the City, which has not agreed to arbitration, both Allstate and Prudential have entered into written agreements to do so.

CONCLUSION
City is responsible for a pro rata share of any award rendered in favor of plaintiffs.
The motions of Allstate and Prudential to compel the City to participate in uninsured motorist arbitration is denied.
City is entitled to reimbursement of its worker's compensation payments made to plaintiffs from any award.