644 A.2d 133

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPA-NY, PLAINTIFF–RESPONDENT, v. MONMOUTH COUNTY MU-NICIPAL JOINT INSURANCE FUND, DEFENDANT–APPEL-LANT, AND SCIBAL INSURANCE GROUP AND TIMOTHY HOLMAN, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued May 24, 1994—Decided June 28, 1994.

---

Before Judges BRODY, STERN and KEEFE.

*Linda Hayes Grasso* argued the cause for appellant (*Cleary & Alfieri*, attorneys; *James J. Cleary*, of counsel).

*Randi S. Greenberg* argued the cause for respondent (*Robert A. Auerbach*, attorney).

The opinion of the court was delivered by

KEEFE, J.A.D.

Defendant Monmouth County Municipal Joint Insurance Fund (Monmouth) appeals from the entry of summary judgment in favor of plaintiff Prudential Property and Casualty Insurance Company (Prudential) ordering that Monmouth contribute to any settlement or arbitration award relative to Timothy Holman's uninsured motorist (UM) claim on a pro rata basis in accordance with *N.J.S.A.* 17:28–1.1c. We affirm.

The facts giving rise to the dispute are as follows. On April 17, 1990, Timothy Holman, a Neptune Township police officer, was involved in an automobile accident with an uninsured motorist while in the course of duty. Holman demanded UM coverage

from his personal insurer, Prudential. Thereafter, Prudential filed a declaratory judgment action demanding that Monmouth, Neptune Township's self-insurer, be found responsible under *N.J.S.A.* 17:28–1.1c on a pro rata basis for any award obtained by Holman for injuries received as a result of the accident in question. Eventually the parties cross moved for summary judgment. Monmouth maintained that Neptune Township's self-insurance through Monmouth was not subject to *N.J.S.A.* 17:28–1.1c in light of the policy behind that statute, especially when the statute is read in conjunction with the New Jersey Tort Claims Act, and specifically *N.J.S.A.* 59:9–2e. Prudential, relying upon our opinion in *Prudential Property and Cas. Inc. Co. v. Travelers Ins. Co.*, 264 *N.J.Super.* 251, 624 *A.*2d 600 (App.Div.1993), argued that the Tort Claims Act provided no protection for Monmouth, and that the provisions of *N.J.S.A.* 17:28–1.1c mandated prorated coverage rather than excess coverage, as Monmouth maintained. As noted earlier, the Law Division judge agreed with Prudential and entered the judgment now under review.

Monmouth admits that, as a self-insurance fund for municipalities, it had the obligation to provide UM coverage for Neptune Township. Indeed, it could not contend otherwise. *Christy v. City of Newark,* 102 *N.J.* 598, 510 *A.*2d 22 (1986). The question presented is, rather, whether a municipality's UM coverage becomes excess where its employee is also covered under a personal automobile liability policy containing UM coverage.

In *Prudential, supra,* we held that *N.J.S.A.* 59:9–2e did not provide authority for the conclusion that a municipality's underinsured motorist (UIM) coverage was excess over the UIM coverage provided by the injured police officer's personal UIM coverage. *Prudential, supra,* 264 *N.J.Super.* at 255–57, 624 *A.*2d 600. In a footnote, we observed that there were conflicting decisions on that point in the Law Division with respect to UM claims. *Id.* at 257–58 n. 3, 624 *A.*2d 600. However, we noted that "[i]n terms of the nonapplicability of *N.J.S.A.* 59:9–2e, we see no distinction between a UM and a UIM claim[,]" and agreed with Judge Villanueva's

analysis of the question in *Rox v. Allstate Ins. Co.*, 250 *N.J.Super.* 536, 595 *A.*2d 563 (Law Div.1991). *Ibid.*

On appeal, Monmouth contends that our conclusion on the issue as it pertained to UM claims in that footnote was *dictum.* Indeed, it was. However, now that we have the matter squarely before us, we adopt the rationale set forth in *Prudential, supra,* and apply it to UM claims as well. Further, the plain meaning of *N.J.S.A.* 17:28–1.1c mandates that we apply its provisions to the UM coverage applicable to Holman in this case. The statute provides in pertinent part:

> If the insured had uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits.

In *Christy, supra,* the Supreme Court held that "there is no difference between a private self-insurer ... and a public self-insurer ... that would justify a difference in the coverages that the two types of self-insurers must furnish." *Christy, supra,* 102 *N.J.* at 608, 510 *A.*2d 22. Thus, it can be said that Holman was provided uninsured motorist coverage under more than one policy as the statute anticipates. Further, in *Rox, supra,* the court determined that in the UM context, *N.J.S.A.* 17:28–1.1c applies to self-insured municipalities. *Rox, supra,* 250 *N.J.Super.* at 541–42, 595 *A.*2d 563. We endorse Judge Villanueva's analysis and conclusion in that regard.

The remedy sought by Monmouth in this case is one best provided by legislative enactment, because no rational reading of the statutes relied upon by Monmouth, alone or together, can yield the result sought by Monmouth.

Affirmed.