110 N.J. Super. 124 (1970)
264 A.2d 478
VINCENT D. COMOROTE, JR., PLAINTIFF,
v.
EARL H. MASSEY, JR., ET AL., DEFENDANTS. JOHN FRANK GIBSON, SR., ET UX., PLAINTIFFS,
v.
VINCENT D. COMOROTE, JR., ET AL., DEFENDANTS. EARL H. MASSEY, JR., PLAINTIFF,
v.
VINCENT D. COMOROTE, JR., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 24, 1970.
*126 Mr. Mendel White for defendant-crossclaimant Earl H. Massey, Jr. (Messrs. Orlando & Orlando, attorneys).
Mr. Victor H. Miles for defendant Firestone.
HEINE, J.S.C.
Defendant-crossclaimant Earl H. Massey, Jr. (Massey) moves for summary judgment as to his second crossclaim against co-defendant Firestone Tire & Rubber Company (Firestone). This crossclaim seeks judgment requiring Firestone to pay any judgment which may be rendered against Massey, together with costs of defense.
The instant litigation arises out of a motor vehicle accident, which occurred on November 29, 1968 at approximately 2:30 A.M. Plaintiff was a passenger in a vehicle operated by Massey and owned by Firestone, which was in a collision with another vehicle.
Massey was employed by Firestone as a commercial salesman at the time of the accident. He was given a Firestone automobile for his business use and had permission to take this automobile home in the evening. Massey was told not to use the car for his personal use. Firestone had knowledge that Massey had used the company automobile on two occasions for personal use and Massey was warned against such use. Firestone employee rules and regulations and Firestone operating policy also provided that company cars were not to be used for personal use under any circumstances. It is conceded that the accident involved in the instant litigation took place when Massey was driving the Firestone car on his own personal use. Firestone qualified and obtained a certificate of self-insurance under the provisions of N.J.S.A. 39:6-52 (Motor Vehicle Security-Responsibility Law).
The basis of Massey's motion is that Firestone as a self-insurer has the same liability and obligation as does any insurance carrier insuring motor vehicles. Massey's argument continues that as part of the insurance coverage provided by Firestone there must be the broad form omnibus coverage *127 set forth in N.J.S.A. 39:6-46, which provides in pertinent part:
A motor vehicle liability policy furnished as proof of financial responsibility as provided herein shall be a policy of liability insurance issued by an insurance carrier authorized to transact business in this State or, in the case of a person not eligible for insurance under the automobile Assigned Risk Plan, by an eligible surplus lines insurer to the person therein named as insured, or in the case of a nonresident, by an insurance carrier authorized to transact business in any of the States or provinces hereinafter stated. The policy shall:
(a) Designate, by explicit description or appropriate reference, all motor vehicles with respect to which coverage is intended to be granted thereby, and insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured, against loss from the liability imposed upon the insured or other person by law, for injury to or the death of a person, other than a person who is covered, as respects the injury or death, by any workmen's compensation law, or damage to property, except property of others in charge of the insured or the insured's employees, growing out of the maintenance, use or operation of the motor vehicles in the United States of America; [Emphasis added]
Firestone counters that as a self-insurer under the New Jersey Motor Vehicle Security-Responsibility Law it is not required by N.J.S.A. 39:6-46 to provide broad form omnibus coverage.
When Firestone applied for and received its certificate of self-insurance it must be considered that it did so with full knowledge and acceptance of all the provisions of applicable law. Such certificate merely allowed Firestone to carry its own risks instead of providing insurance in a private company. Cf. Annotation, 136 A.L.R. 900 (1942).
N.J.S.A. 39:6-46 requires that a liability policy include the broad form omnibus coverage cited supra. Our Supreme Court in Selected Risks Insurance Co. v. Zullo, 48 N.J. 362 (1966), held that an insurance policy offered as proof of financial responsibility must have the broad form omnibus coverage set forth in N.J.S.A. 39:6-46, and a policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard.
*128 When Firestone registered its automobiles as a self-insured it avoided the substantial disadvantages[1] imposed on persons registering uninsured motor vehicles, in the same manner as one possessing an automobile liability policy. These disadvantages "evidence a strong legislative policy that all persons wrongfully injured by motor vehicles have financially responsible persons to look to for damages, and that persons registering motor vehicles provide such financial responsibility by automobile liability insurance." Selected Risks Insurance Co. v. Zullo, supra, at 368; Willis v. Security Insurance Group, 53 N.J. 260 (1969), affirming 104 N.J. Super. 410 (Ch. Div. 1968); Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405 (App. Div. 1970), certif. den. 55 N.J. 595 (1970).
It is clear that in order to construe N.J.S.A. 39:6-46(a), the provisions of the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 to 60; Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 to 91, and Motor Vehicle Liability Security Fund Law, N.J.S.A. 39:6-92 to 104, must be read as a whole to determine the public policy as to omnibus coverage. Selected Risks Insurance Co. v. Zullo, supra; Kish v. Motor Club of America Ins. Co., supra.
In considering N.J.S.A. 39:6-23 to 104 as a whole, as previously noted, the Legislature has treated a self-insured synonymously with one possessing an automobile liability policy and has evidenced a strong public policy to protect persons wrongfully injured by motor vehicles. In this light, there appears no sound basis for excluding a self-insurer from providing omnibus coverage.
*129 In support of its position, Firestone relies on Yellow Cab Co. v. Adinolfi, 204 Va. 815, 135 S.E.2d 308 (Sup. Ct. App. 1964), which held that a self-insurer was not required to provide uninsured motorist coverage which was mandatory in all motor vehicle liability insurance policies. This case is distinguishable in that under Virginia law the uninsured motorist fund, as created by payment of the statutory fees by uninsured motorists, is distributed among insurance companies to defray the costs of providing uninsured motorist coverage. A self-insured is not entitled to share in this fund and, therefore, it would be highly inequitable to require a self-insurer to provide uninsured motorist coverage.
Firestone further resists the motion on the grounds that, even if it is required to provide omnibus coverage, Massey's use of the motor vehicle was outside the scope of his employment. This argument can only stem from the failure to recognize that Firestone occupies dual positions  one as an insurer and the other as an employer.
It is not necessary at this point in the proceedings to determine whether Firestone, either in its capacity as an insurer or in its capacity as an employer, is bound to satisfy any possible judgment against Massey in this action. For the purpose of this motion it is sufficient to consider Firestone only as an insurer and to recognize its concomitant responsibility stemming from that capacity.
It is the law of this State that an insurer must provide a defense for its insured, where the allegations of the complaint, upon its face, fall within the risk insured against. Ohio Cas. Ins. Co. v. Flanagin. 44 N.J. 504, 512 (1965); West v. Macdonald, 103 N.J. Super. 201, 212 (App. Div. 1968); aff'd. 52 N.J. 536 (1968); Danek v. Hommer, 28 N.J. Super. 68, 77 (App. Div. 1953), aff'd. 15 N.J. 573 (1954). Moreover, any fair doubt as to coverage will be resolved in favor of the insured. West v. Macdonald, supra.
In Matits v. Nationwide Mutual Insurance Company, 33 N.J. 488 (1960), it was held that "if a person is given permission to use a motor vehicle in the first instance, any subsequent *130 use short of theft or the like while it remains in his possession, though not within the contemplation of the parties, is a permissive use within the terms of a standard omnibus clause in an automobile insurance policy." N.J.S.A. 39:6-46(a) "is substantially the same as that of the standard omnibus clause construed in Matits * * * and therefore extends coverage in accordance with the initial permission rule." Selected Risks Insurance Co. v. Zullo supra, at 369; Gronquist v. Transit Casualty Company, 105 N.J. Super. 363 (Law Div. 1969).
It appears that where in the present case Massey admittedly had initial permission to use the Firestone car, Massey's use of the car comes within the omnibus clause coverage for purposes of requiring Firestone to provide Massey a defense.
We therefore hold that Firestone, as a self-insurer under N.J.S.A. 39:6-52, must provide broad form omnibus coverage as required by N.J.S.A. 39:6-46(a) and, without ruling as to Firestone's obligation to satisfy any judgment against Massey, Firestone must provide a defense for Massey in the present action.
NOTES
[1] If the motor vehicle is uninsured, the person seeking to register it: (1) must pay additional registration fees (N.J.S.A. 39:6-63); (2) is precluded from suing the Fund if he is injured in his car by another uninsured motorist, and his spouse, parents and children are likewise precluded (N.J.S.A. 39:6-70(d)), and (3) must furnish proof of financial responsibility in the event he is in an accident causing damage in excess of [$200.] (N.J.S.A. 39:6-25). Selected Risks Insurance Co. v. Zullo, supra, at 368.