121 N.J. Super. 583 (1972)
298 A.2d 288
CAROLINA CASUALTY INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
BELFORD TRUCKING COMPANY, INC., A CORPORATION, DEFENDANT-APPELLANT, AND JAMES T. NEIGHBORS AND JAMES G. MITCHELL, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1972.
Decided December 27, 1972.
*584 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Ernest F. Picknally argued the cause for appellant Belford Trucking Company, Inc. (Messrs. Schuenemann & Picknally, attorneys).
Mr. David M. Mayfield argued the cause for respondent Carolina Casualty Insurance Company (Messrs. Martin and Crawshaw, attorneys).
Messrs. Kisselman, Deighan, Montano, King & Summers, attorneys for defendants James T. Neighbors and James G. Mitchell, filed a statement in lieu of brief.
PER CURIAM.
For the reasons expressed by Judge Wick in his opinion reported at 116 N.J. Super. 39 (Ch. Div. 1971), we affirm his judgment denying Belford's motion to set aside service of process and to dismiss plaintiff's declaratory judgment suit.
We are left with the sole issue as to whether plaintiff Carolina Casualty Insurance Company, or defendant Belford Trucking Company, Inc., should be required to pay for the injuries sustained by Clarence P. Young and Carl Hellman, and the expenses incurred by plaintiff in defending defendants James T. Neighbors and James G. Mitchell. The reasonableness of the settlement made by plaintiff with Young and Hellman for $4,000, and the expenses it incurred in connection with defending the suit in the sum of $1,580.30, have not been questioned by Belford.
We are in accord with the views expressed by Judge Wick that under the provisions of the Interstate Commerce Act, 49 U.S.C.A. § 315, and the regulations promulgated thereunder, Belford, a certificated interstate carrier, became the primary insurer of the tractor and trailer leased to it by Neighbors, and that plaintiff's policy qualified as excess coverage only. Hagans v. Glens Falls Ins. Co., 465 F.2d *585 1249 (10 Cir.1972); Cox v. Bond Transportation, Inc., 53 N.J. 186 (1969), cert. den. 395 U.S. 935, 89 S.Ct. 1999, 23 L.Ed.2d 450 (1969). This is particularly true where, as here, Belford is self-insured and no policy of insurance is before us for construction.
The judgment below is affirmed.