169 N.J. Super. 498 (1979)
404 A.2d 1293
GWENDOLYN CROCKER, PLAINTIFF,
v.
TRANSPORT OF NEW JERSEY AND JOHN DOE (NAME BEING FICTITIOUS), AND JOHN A. WADDINGTON, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY AND ROBERT ROE (NAME BEING FICTITIOUS), DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 26, 1979.
*500 Messrs. Horowitz, Bross & Sinins for plaintiff (Mr. Alan Medvin, Esq. appearing).
Mr. Walter S. Cramer for defendant Transport of New Jersey.
Mr. Charles P. Berman for defendant John A. Waddington.
THOMAS, J.S.C.
Are self-insurers liable to their passengers for injuries caused solely by the negligence of uninsured motorists? This was the issue as framed but not decided by the Appellate Division in Transport of New Jersey v. Watler, 161 N.J. Super. 453, 465 (1978), mod. and aff'd 79 N.J. 400 (1979). It is squarely presented here and the answer is yes.
Plaintiff Gwendolyn Crocker, a passenger in a Transport of New Jersey (TNJ) bus, was injured when the bus was struck by a hit-and-run vehicle. She sued both TNJ and the Division of Motor Vehicles (DMV), seeking from the latter payment from the Unsatisfied Claim and Judgment Fund. DMV moved to dismiss.
The Unsatisfied Claim and Judgment Fund Law (N.J.S.A. 39:6-70 (l)) requires, as a precondition to payment from the Fund, that claimants exhaust all alternate sources of payment for losses caused by an uninsured motorist. Wormack v. Howard, 33 N.J. 139, 145 (1960). The purpose of this requirement is to relieve the Fund of the financial burden relating to claims against uninsured motorists. Hartford Ins. Co. v. Allstate Ins. Co., 127 N.J. Super. 460, 465 (App. Div.), aff'd 68 N.J. 430 (1974). Additionally, the intent of the Legislature in mandating uninsured motorists (UM) coverage was to relieve the Fund's financial pressures by requiring parallel coverage. Beltran v. Waddington, 155 N.J. Super. 264, 268 (App. Div. 1978). Thus, if TNJ is required to provide UM coverage pursuant to N.J.S.A. 17:28-1.1, plaintiff would have to look exclusively to that *501 coverage for compensation for injuries caused by a collision with an uninsured motorist.
In Watler plaintiff TNJ, as a self-insured, was successful at the trial level in recovering from the Fund the value of property damage sustained in an accident with an uninsured motorist. The Appellate Division reversed and Judge Botter made it clear that self-insurers would be no exception to the rule that all motor vehicles registered or principally garaged in New Jersey are required to carry UM coverage. 161 N.J. Super. at 462. See also, Comorote v. Massey, 110 N.J. Super. 124 (Law Div. 1970), holding that self-insurers should cover at least the same risks that other motorists are required by law to provide; thus, they must provide omnibus coverage and a defense.
A passenger in an automobile injured in a collision with an uninsured motorist must look to the owner's liability insurance policy and may not pursue payment from the Fund. Exum v. Marrow, 112 N.J. Super. 570, 575 (Law Div. 1970). Since there is no distinction between the type and extent of coverage required to be carried by an owner with insurance coverage and a self-insured such as TNJ, it logically follows that a passenger injured on a self-insured bus in a collision with an uninsured vehicle must look to the self-insured for payment. This is so notwithstanding defendant TNJ's economic arguments to the contrary.
Judgment in favor of DMV dismissing plaintiff's claim against it.