240 N.J. Super. 427 (1990)
573 A.2d 513
NANCY MACCLUGGAGE WHITE, PLAINTIFF,
v.
CYNTHIA HOWARD AND AGENCY RENT-A-CAR, DEFENDANTS. CYNTHIA HOWARD AND ALLSTATE INSURANCE COMPANY, THIRD-PARTY PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
AGENCY RENT-A-CAR, THIRD-PARTY DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1990.
Decided May 1, 1990.
*429 Before Judges GAULKIN, DREIER and SCALERA.
James E. Mackevich argued the cause for appellant Agency Rent-a-Car (Mackevich & Burke, attorneys; James E. Machevich, on the brief).
John D. Allen, III argued the cause for respondents Cynthia Howard and Allstate Insurance Company (Harwood Lloyd, attorney; John D. Allen and Paul E. Kiel, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
After plaintiff's personal injury claim against defendant Howard was settled, Howard pursued her cross-claim for indemnity against Agency Rent-A-Car (Agency) from which she had leased the car she was driving at the time of the accident with plaintiff. Her insurer, Allstate Insurance Company (Allstate), joined in the matter; then she and Allstate filed a third-party complaint against Agency for a declaratory judgment that Agency, not Allstate, was responsible to the extent of its coverage to indemnify Howard for the settlement and cost of defense of plaintiff's claim. The amount of the settlement, $20,000, is not in dispute.
Judge David Follender granted a summary judgment to Allstate from which Agency appeals. The judge determined that Agency, a certified self-insurer under the New Jersey motor *430 vehicle security-responsibility law, must act as defendant Howard's primary insurer and reimburse Allstate for the first $15,000 Allstate paid in settlement of plaintiff's claim. Furthermore, he awarded legal fees to Allstate in the amount of $3,214.38 to cover the fees and expenses Allstate incurred in defending the underlying tort claim. He denied Allstate's application for fees relating to the third-party declaratory judgment action. Allstate has cross-appealed from the denial of the latter legal fees.
The facts in this case are unusual only insofar as Agency's mode of doing business differs from the usual car rental format. Agency does not lease cars to all members of the public. It restricts its customers to owners of other vehicles whose cars are lost, stolen or, as here, under repair, and whose insurance contracts cover temporary substitute vehicles as additional insured vehicles. The rental contract signed by Howard required that she have her own liability insurance coverage covering her operation of Agency's vehicle:
THIS VEHICLE IS COVERED FOR PHYSICAL DAMAGE ONLY. INSURANCE COVERAGE FOR LIABILITY AND DAMAGE TO PROPERTY OF OTHERS IS TO BE PROVIDED BY CUSTOMER'S EXISTING INSURANCE UNDER THE TEMPORARY SUBSTITUTE PROVISIONS.
* * * * * * * *
7. Customer represents and warrants that he has a valid policy of automobile liability insurance in force at the time of this rental and further represents and warrants that he shall maintain said policy of automobile liability insurance in force during the term of this rental. Lessor relying on said warranty and representation is not providing Liability-Property Damage automobile insurance or medical expense coverage to the Customer or any other person using or riding in said Vehicle.[1]
Agency asserts that it had reduced its rental fee to reflect the fact that it does not supply its lessees with liability coverage, *431 but rather looks to the lessee's own contract of insurance. Furthermore, Agency verified that the contract was in effect and that it covered the replacement vehicle. When Howard entered into the contract, her Allstate policy specifically provided coverage for an automobile "used as a temporary substitute" while the originally insured vehicle "is out of normal use because of ... repair." The Allstate policy, however, contains an additional clause concerning which Agency made no inquiry:
If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. [Emphasis supplied].
Therefore, allegedly unbeknown to Agency, the individual insurance possessed by Howard was by its terms excess rather than primary.[2]
Agency's principal defense to Allstate's claim of exclusion based on this policy language concerns Agency's status as a self-insured, rather than the holder of a traditional separate policy of insurance covering its fleet of rental cars. We, as did the judge, reject this defense. While we recognize that the claim here has not been made under the financial responsibility law, see N.J.S.A. 45:21-1 et seq.; N.J.S.A. 39:6A-3 and 39:6B-1, Agency's decision to act as a self-insurer and secure the applicable New Jersey certificate was the functional equivalent of its writing a separate insurance policy covering itself. Cf. Ross v. Transport of New Jersey, 114 N.J. 132, 139-142, 553 A.2d 12 (1989); Transport of New Jersey v. Watler, 79 N.J. 400, 401, 400 A.2d 61 (1979); Mortimer v. Peterkin, 170 N.J. Super. 598, 600, 407 A.2d 1235 (App.Div. 1979); Crocker v. Transport of New Jersey, 169 N.J. Super. 498, 404 A.2d 1293 (Law Div. 1979) (in the context of the uninsured motorist coverage); Carolina Cas. Ins. Co. v. Belford Trucking Co., 121 N.J. Super. 583, 584, *432 298 A.2d 288 (App.Div. 1972), certif. den. 63 N.J. 502 (1973) (under the Interstate Commerce Act, 49 U.S.C.A. § 315, and applicable regulations); and cf. Comorote v. Massey, 110 N.J. Super. 124, 128, 264 A.2d 478 (Law Div. 1970) (under an earlier statute, N.J.S.A. 39:6-46 (repealed)); and see 8A Appleman, Insurance Law and Practice, § 4912 (1981); Annotation, Self-Insurance Against Liability As Other Insurance Within Meaning Of Liability Insurance Policy, 46 A.L.R.4th 707 §§ 3[a] and [b] (1986). In fact, the Supreme Court in Ross v. Transport of New Jersey, albeit in the uninsured motorist context, stated that "a private company's certificate of self-insurance is said to constitute an insurance `policy' which subjects it to Title 17 UM requirements." 114 N.J. at 139, 553 A.2d 12. These cases, however, all relate to a member of the public opposing the self-insured.
In Am. Nurses Ass'n. v. Passaic General Hosp., 192 N.J. Super. 486, 471 A.2d 66 (App.Div. 1984), modified 98 N.J. 83, 484 A.2d 670 (1984), this court characterized as a type of self-insurance an insured's retained deductible on a liability policy. Judge Pressler explained that such "self-insurance" is a legal or contractual assumption of certain risks, and not really insurance at all. (192 N.J. Super. at 491, 471 A.2d 66). However, in the context of compulsory liability insurance, this undertaking may be conveniently termed "qualified self-insurance," and "has been held to require the self-insurer to provide the public sought to be protected by the compulsory insurance with the same `coverage' and incidents of `coverage' as [the self-insured] would have had to have purchased but for the certificate of self-insurance." (Id. at 492, 471 A.2d 66). In that opinion Judge Pressler stated that this conclusion would not necessarily carry over to "other insurance" questions between insureds and insurers. Further, she noted that "the weight of authority rejects the premise that qualified self-insurance is other insurance on the theory that self-insurance and insurance are mutually exclusive concepts." (Id. at 493, 471 A.2d 66). Without expressing a view, she recognized that Carolina Cas. *433 Ins. Co. v. Belford Trucking Co., supra, indicates that "New Jersey apparently follows the minority view" which supports the principle "that qualified self-insurance constitutes other insurance." Ibid. The Supreme Court in affirming Am. Nurses Ass'n. (except for a modification on the liability ratio above the $100,000 which was subject to the "self-insurance" claim), stated:
Though a deductible is frequently referred to as self-insurance, its functional purpose is simply to alter the point at which an insurance company's obligation to pay will ripen. "`Other insurance' [in an excess provision] means a policy of insurance of like kind issued by an insurance company in exchange for a premium charged." [16 G. Couch, Insurance 2d § 62.87 (rev. ed. 1983). While there is a split of authority on this question, the tendency has been not to regard self-insurance as "insurance." [98 N.J. at 88-89, 484 A.2d 670].
Both Judge Pressler's discussion of this issue and Justice Schreiber's confirming language on the point hold only that "self-insurance" to the extent that it represents an insured's deductible amount above which a policy will be effective, is not to be considered other insurance. We have before us a third type of self-insurance claim, one concerning the self-insured qua insurer and another insurer. We should not extrapolate from the Am. Nurses Ass'n language to hold that an entity which has chosen to self-insure under the financial responsibility laws should vis-a-vis other insurers escape the collateral effects of such undertaking. While Agency may choose to save insurance premiums by self-insuring its vehicles, it should not be permitted to do so partially at the expense of other insurers who normally would look to each other under the "other insurance" provisions of their policies, and who have set their rates accordingly. Since only financially responsible owners of 25 or more vehicles may become certified self-insureds (N.J.S.A. 39:6-52), those best able to pay would be permitted by this device to shift the costs of accidents to the non-fleet owners of other vehicles and their insurers.
Agency contends, however, that its business was predicated upon such a shift in liability, and its lower rates were set upon this premise. Furthermore, it alleges that much of its *434 business is referred by insurance agents and the insurance companies have taken advantage of its lower rates set upon the express premise that the lessees' carriers would be primarily responsible. We do not disapprove of this method of doing business, except to note that in the case before us Agency accepted a policy that did not provide for primary responsibility. Had it examined the policy, it either could have rejected Ms. Howard as a lessee, or might have sought a waiver of the other-insurance clause from Allstate, since Allstate was paying for the rental and thereby was taking advantage of the lower rates. Not having done this, Agency should not be heard to complain when we give effect to the other-insurance clause in Allstate's policy and consider Agency's certificate of self-insurance as the equivalent of "other collectible insurance" within the meaning of the Allstate policy.
The second issue raised on the appeal and cross-appeal is the allowance of fees to Allstate for the defense of the underlying action and the denial of fees for the declaratory judgment portion of the case. We have no question that Allstate was entitled to be reimbursed for the defense of the primary claim, since both the trial judge and we determined that Allstate's responsibility was secondary only.
Allstate contends, however, that the denial of fees to prosecute its third-party claim appeared arbitrary and that the judge mistakenly exercised his discretion in denying a further award. An excess insurer may be entitled to recover its expenses in successfully prosecuting "a coverage action against the primary carrier when the latter has wrongfully refused to defend its assured." Tooker v. Hartford Accident & Indemnity Co., 136 N.J. Super. 572, 576, 347 A.2d 371 (App.Div. 1975), certif. den. 70 N.J. 137, 358 A.2d 184 (1976). R. 4:42-9(a)(6), permits the award of counsel fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." The purpose of this rule "was to discourage groundless disclaimers by assessing against the insurers expenses *435 incurred by their assured in enforcing coverage." Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528, 285 A.2d 242 (App.Div. 1971), certif. den. 60 N.J. 141, 286 A.2d 514 (1972).
The court's authority to grant such fees, however, does not require that fees be awarded in every case. A trial judge exercises judicial discretion, weighing "considerations of an equitable character." Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. at 529, 285 A.2d 242. Included in such considerations are "the assureds' course of conduct," ibid, as well as "the debatability of the statutory construction issue ... [and] the comparatively small amount of the claim involved." Helton v. Prudential Prop. & Cas. Ins. Co., 205 N.J. Super. 196, 201, 500 A.2d 717 (App.Div. 1985), quoting from Maros v. Transamerica Ins. Co., 76 N.J. 572, 579, 388 A.2d 971 (1978). While no detailed reasons were given here for the denial of these attorney's fees, the issue certainly was not clear when the third-party complaint for declaratory judgment was filed. Am. Nurses Ass'n. v. Passaic General Hosp., supra, noted the split in authority and "the tendency ... not to regard self-insurance as `insurance.'" 98 N.J. at 89, 484 A.2d 670. Agency's position therefore was not unreasonable. It does not appear to us, nor apparently to the trial judge, that Agency's refusal to pay the claim was made in bad faith or to avoid liability on its policy of insurance. In such circumstances between insurers, as opposed to a claim between insured and insurer, it does no violence to the general principles of R. 4:42-9(a) to have each party bear its own legal fees to settle this issue.
Affirmed.
NOTES
[1] This provision is clearly ineffective if its purpose was to relieve the lessor from its responsibility to carry public liability insurance. N.J.S.A. 45:21-1 et seq.; Rao v. Universal Underwriters, Ins. Co., 228 N.J. Super. 396, 401-404, 549 A.2d 1259 (App.Div. 1988). Here, however, the presumed intended, but ineffective, purpose was to shift responsibility to the lessee's insurer.
[2] We express no opinion as to whether by maintaining only excess insurance, Howard violated the terms of the rental agreement quoted earlier, and might be liable to Agency. The issue was not raised.