[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENTDEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT
This is an action for declaratory judgment filed by the plaintiff, Hertz Corporation ("Hertz") against the defendants, Patriot General Insurance Company ("Patriot"), Jannette Rivera ("Rivera") and Paolo Di Mauro ("Di Mauro") On November 8, 1994, the defendant, Rivera, entered into an agreement with Hertz to rent an automobile. On November 16, 1994, the automobile rented by Hertz to Rivera, while allegedly being operated by an additional authorized driver, was involved in an accident with a vehicle operated by the defendant, Di Mauro. As a result of the accident, Di Mauro gave notice to Hertz and Rivera of his claim for damages for personal injuries arising out of the accident. Subsequently, upon learning that at the time of the accident Rivera was covered under an automobile liability policy issued by Patriot. Hertz demanded that Patriot acknowledge and accept liability pursuant to the terms of the policy issued by Patriot to Rivera. Patriot advised Hertz that it was denying coverage on the ground that the rented vehicle was not insured under the policy as a substitute vehicle. (Plaintiff's exhibit A, Stipulation of Facts, ¶¶ 5-10.) CT Page 686
The rental agreement between Hertz and Rivera provided an option to purchase supplemental liability protection. (Plaintiff's Exhibit B.) At the time the rental contract was signed Rivera declined such optional liability protection offered by Hertz. (Plaintiff's Exhibit B.) At the present time there is a dispute between Hertz and Patriot as to (1) whether Rivera has coverage available under the personal automobile liability policy issued to her by Patriot; and, if she does, (2) whether such coverage is the primary coverage for the underlying accident. In the present declaratory action, Hertz seeks a determination (1) that Rivera is entitled to liability coverage under the policy issued to her by Patriot; (2) that, for purposes of indemnifying Rivera for any claims arising out of the November 16, 1994 accident, such insurance is primary to any liability protection afforded Rivera under the terms of the rental car agreement with Hertz; and (3) a judgment declaring that Hertz is entitled to the costs and expenses incurred as a result of this action.
On April 25, 1957, Hertz filed a motion for summary judgment supported by a memorandum of law and exhibits. Hertz moves for summary judgment on the ground that there is no genuine issue of material fact with respect to the issue of whether the liability protection afforded by Hertz to Rivera is secondary to Rivera's personal automobile liability coverage issued by Patriot. On September 11, 1997, Patriot filed an objection to the motion for summary judgment and cross motion for summary judgment supported by a memorandum of law and by exhibits.
"Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submittee show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752. "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case."Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "In deciding a motion for summary judgment, the CT Page 687 trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material act . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . ." (Internal quotation marks omitted.) Id. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, 33 Conn. App. 563, 567, 636 A.2d 1377
(1994). "I the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life Casualty Co.,supra, 235 Conn. 202-03; Practice Book § 381.
The threshold issue this court needs to address is whether the liability insurance policy issued to Rivera by Patriot provides coverage for the car rented by Rivera from Hertz. Patriot argues that, under the terms of the policy issued by Patriot to Rivera, Patriot agreed to insure a substitute vehicle only where any car described on the declaration page, or any replacement or addition thereof, cannot be used because it is being serviced, repaired, has been destroyed or has been stolen. The vehicle rented by Rivera, argues Patriot, is not covered because it is not a substitute vehicle as defined by the insurance policy.
"Where the language of an insurance policy is clear and unambiguous, the terms of the policy must be given their natural CT Page 688 and ordinary meaning." Horak v. Middlesex Mutual Assurance Co.,181 Conn. 514, 616, 436 A.2d 783 (1980). The automobile liability insurance policy issued by Patriot to Rivera is not ambiguous. Under the heading "Cars We Insure", such policy provides that four categories of vehicles are covered under its terms: (1) cars described in the declaration page, (2) substitute cars, (3) other cars, and (4) utility trailers. Under "Other Cars", the policy provides: "We insure other cars you use with the permission of the owner, but not for collision or comprehensive insurance. We don't insure other cars owned by, or furnished for the regular use of, you or resident members of your family." (Defendant's Exhibit C, p. 1.) In the present case, it is undisputed that the automobile rented by Rivera from Hertz was operated with the owner's permission. It is also clear that such automobile was not furnished to Rivera or members of her household for regular use because under the rental agreement Rivera could only use the car from November 8, 1994 to November 15, 1994. (plaintiff's Exhibit B.) The policy issued by Patriot, furthermore, includes a "Car Rental Insurance Notice", which expressly provides coverage or a car that the insured might rent on an occasional basis. (Defendant's Exhibit C.) The rented automobile at issue was covered under the "Other Cars" provision of the liability policy issued by Patriot.
The next issue for the court to determine is whether the coverage extended by Patriot under Rivera's personal policy or the coverage offered by Hertz under the rental agreement is primary. The rental agreement, filed as plaintiff's Exhibit B, includes the following pertinent language under the heading "OPTIONAL SERVICES": "LIS declined — Hertz liability protection is secondary." Rivera initialed her acknowledgment and agreement with this condition. On the same page the rental agreement provides: "By your declining the Optional Liability Insurance Supplement (LIS), paragraph 10 (B)[1] of the rental agreement terms and conditions applies to this rental. By signing below you accept the terms of this agreement and you agree that any insurance that provides coverage to you or an authorized operator shall be primary. In the event of any claims arising out of the operation of this vehicle, the above mentioned insurance shall be responsible for the payment of all personal injury and/or property damage claims up to the limits of such insurance." Rivera signed below indicating acceptance of the above terms and conditions.
Under "GENERAL POLICY PROVISIONS", the policy issued by CT Page 689 Patriot, on the other hand, provides: "The `OTHER INSURANCE' section is replaced in its entirety with the following:[2] If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the preportion that our limits of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance . . . ."
(Emphasis added.)
As it pertains to conditions applicable to rented cars, the "Car Rental Insurance Notice" included in the patriot policy provides that for a rented automobile: "The insurance provided will be for the same coverage, limits and deductibles as the car listed on this policy that has the most coverage . . . . This insurance, if it applies, will be excess over any other insurance applicable to the rental car." The court, therefore needs to determine whether, notwithstanding the fact that an insured declines the supplemental insurance offered by a car rental company, such company, a self-insured entity, is obligated to provide coverage in the form of liability insurance for the protection of individuals renting a vehicle. Moreover, the court needs to determine whether such coverage is primary to any other applicable insurance. In other words, the issue is whether the plaintiff's self-insured liability falls within the meaning of "any insurance applicable to the rental car" as that term is defined in the defendant's policy of insurance.
Hertz argues that, by declining the supplemental liability insurance at the time she signed the agreement, Rivera agreed that any protection provided by Hertz would be secondary and, accordingly, Patriot is responsible for providing primary coverage for the underlying accident. Moreover, in anticipation of an argument by Patriot that the rental agreement provision concerning the secondary application of the liability protection offered by Hertz violates the Connecticut Financial Responsibility Act, Hertz argues that the Act does not mandate that Hertz must provide liability insurance to its customers, but merely requires that there should be a sufficient amount of coverage on the vehicle if the renter is not covered by any collectible insurance. Patriot counters that, notwithstanding that Rivera declined the supplemental liability insurance, pursuant to General Statutes § 14-154a[3] and the Financial Responsibility Act, General Statutes § 38a-371,[4] Hertz must maintain insurance protecting third parties against injury to the person or property arising out of the use of an owned CT Page 690 vehicle registered and operated in Connecticut and cannot attempt to shift the burden of providing primary liability protection to the company that issued the lessee's personal automobile insurance policy. Patriot cites Sandor v. New Hampshire Ins. Co.,241 Conn. 792, 699 A.2d 96 (1997), for the proposition that a lessor is obligated to supply primary libility insurance to cover injuries arising out of the use of a rented vehicle.
Sandor v. New Hampshire Ins. Co., supra, involves an uninsured motorist claim pursuant to General Statutes § 14-60a, a statute that provides that when an individual borrows a car from an automobile dealer or repairer for purposes of a demonstration, the borrower's policy is the primary source of liability coverage in the event that the borrowed car is involved in an accident. On the issue of whether the borrower's or the dealer's insurer must provide primary uninsured motorist benefits when, in the course of a test drive, a passenger is injured because of the negligence of an uninsured driver, the court held that, notwithstanding General Statutes § 14-60a, the dealer's insurance is primarily liable. The court reasoned that, even though General Statutes § 14-60 provides that the borrower's insurance is primary, the provisions of the statute apply only to liability insurance, not to uninsured or underinsured motorist coverage.[5] Sandor is not applicable to the present case because that court was not confronted with the same question at issue in the present case.
Until recently, Connecticut courts had not yet addressed the issue of whether an automobile liability policy is primary or excess when a covered vehicle is owned by an entity that is self-insured. Recently, however, a Connecticut court decided a case based on facts identical to the facts in the present case. InHertz v. Federal Insurance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 559741 (October 22, 1997) (Wagner, J.), the court held that self-insurance is not insurance at all and, consequently, the coverage provided by the self-insured entity is secondary to any protection afforded by the driver's personal automobile liability insurance policy. Id.
This holding aligns Connecticut with the majority of other states that have confronted the same issue.
Other jurisdictions have faced the issue of whether self-insurance qualifies as "other insurance" in similar contexts, and there is a split of authority. "However, a majority of these courts have ruled that self-insurance is not insurance at all. CT Page 691See Aetna Casualty Surety Co. v. World Wide Rent-A-Car, Inc.,28 App. Div.2d 286, 284 N.Y.S.2d 807 (1967) (self-insurance is not insurance in automobile liability insurance context); AllstateInsurance Company v. Zellars, 462 S.W.2d 550 (Tex. 1970) (automobile liability self-insurance is not insurance); AmericanFamily Mutual Insurance Co. v. Missouri Power Light Co.,517 S.W.2d 110 (Mo. 1974) (en bank) (automobile liability self-insurance insurance is not insurance ); Eakin v. IndianaIntergovernmental Risk Management Authority, 557 N.E.2d 1095
(Ind.Ct.App. 1990) ("self-insurance is not insurance at all" ); GlensFalls Insurance Co. v. Consolidated Freightways, 242 Cal.App.2d 774,51 Cal.Rptr. 789 (1966) (automobile liability insurance);Iowa Contractors Workers' Compensation Group v. Iowa InsuranceGuaranty Ass'n., 437 N.W.2d 909 (Iowa 1989) (self-insured worker's compensation group not insurer); State Farm Mut. AutoIns. Co. v. Bogart, 149 Ariz. 145, 717 P.2d 449 (1986) (automobile self-insurance is not "other insurance"); State FarmMut. Auto Ins. Co. v. Universal Atlas Cement Co., 406 So.2d 1184
(Fla.Dist.Ct.App. 1981) (automobile self-insurance is not "other collectible insurance"); United Nat. Ins. Co. v.Philadelphia Gas Works, etc., 221 Pa. Super. 161, 289 A.2d 179
(1972) (certificate of self-insurance is not an "insurance policy"); Universal Underwriters Insurance Co. v. Marriott Homes,Inc., 282 Ala. 231, 238 So.2d 730 (1970) (workmen's compensation self-insurance scheme is not insurance). But see CarolinaCasualty Insurance Co. v. Belford Trucking Co., Inc., 121 N.J. Super. 583,298 A.2d 288 (App.Div. 1972), cert. denied, 63 N.J. 502,308 A.2d 667 (1973) (self-insured trucking company primarily liable); Southern Home Insurance Company v. Burdette's LeasingService, Inc., 268 S.C. 472, 234 S.E.2d 870 (1977) (compulsory automobile self-insurance is "other collectible insurance");State Farm Mut. Auto Ins. Co. v. Budget Rent-A-Car Systems,Inc., 359 N.W.2d 673 (Minn.Ct.App. 1984) (automobile liability self-insurer is insurer). Furthermore, both a state supreme court and a state appellate court have ruled that self-insurance is not insurance on relatively similar facts. American Nurses Ass'n v.Passaic Gen. Hospital and Medical Center, 98 N.J. 83,484 A.2d 670 (1984); Physician Insurance Company v. Grandview Hospital andMedical Center, 44 Ohio App.3d 157, 542 N.E.2d 706 (1988)." WakeCounty Hosp. System v. National Cas. Co., 804 F. Sup. 768, 774
(E.D.N.C. 1992), aff'd, 996 F.2d 1213 (4th Cir. 1993) (unpublished decision).
Moreover, it is well settled in Connecticut that a lessor or a renter of a motor vehicle has a common law right of CT Page 692 indemnification against the operator of the leased or rented vehicle. Farm Bureau Mut. Automobile Ins. Co. v. Kohn Bros.Tobacco Co., 141 Conn. 539, 544, 107 A.2d 406 (1954) (holding that a lessor could recover from the lessee for the damages incurred as a result of an accident caused by the negligence of the lessee's employee). It follows that the liability coverage afforded by the driver's personal insurance policy should be primary over any insurance offered by a rental company. This court, in the absence of appellate authority, will follow the majority of reported decisions of state courts holding that self-insurance does not constitute "other insurance" in situations similar to the present case. The plaintiff's motion for summary judgment is granted. The defendant's cross motion for summary judgment is denied for the same reason.
Robert J. Hale State Judge Referee