TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00136-CV







Hertz Corporation, Appellant



v.



Patricia Robineau and Texas All Risk General Agency, Inc., Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-13165, HONORABLE MARGARET COOPER, JUDGE PRESIDING








 Texas resident Patricia Robineau, appellee, negligently caused an accident in
Florida while driving a car rented there from appellant Hertz Corporation. The rental contract
with Hertz--whose fleet was self-insured under Florida law--stated that Robineau's auto insurer
would bear primary liability in the event of an accident. At the time of the accident, Robineau
had an auto liability policy from appellee Texas All Risk General Agency, Inc. ("Texas All Risk")
that contained an "other insurance" clause providing that its coverage would only be excess for
damages caused while Robineau was driving a non-owned car covered by other insurance. After
the accident, Texas All Risk settled the claim of the other driver against Robineau, then brought
a subrogation claim for reimbursement through Robineau against Hertz, claiming that pursuant
to the "other insurance" clause in the Texas All Risk policy, Hertz was primarily liable. The trial
court granted Texas All Risk's motion for summary judgment. Hertz appeals, arguing that (1)
Florida law applies to this case and that, under Florida law, Hertz should prevail because its
contract clearly shifts primary liability to Texas All Risk and, (2) alternatively, even if Texas law
applies to this dispute, Hertz should prevail because self-insurance is not "other insurance"
collectible under the terms of the Texas All Risk policy. Because we conclude Hertz prevails
under either Florida or Texas law, we will reverse the trial court's judgment and render judgment
for Hertz.


FACTUAL AND PROCEDURAL BACKGROUND

 The case is before us on competing motions for summary judgment; the facts are
undisputed. At the time of the accident in question, Robineau was a Texas resident with auto
insurance coverage from Texas All Risk. Her policy provided that it would pay for damages
caused by Robineau when driving a car that she did not own, but the policy also contained a
standard "other insurance" clause that provided, in part, "[A]ny liability insurance we provide
to a covered person for the maintenance or use of a vehicle you do not own shall be excess over
any other applicable liability insurance." (Emphasis added.)

 While covered under this Texas All Risk policy, Robineau traveled to Florida and
rented a car from Hertz. By statute, Florida law permits an auto lessor to shift primary liability
to the lessee's insurance policy if the rental agreement contains language to that effect in ten-point
type. See Fla. Stat. Ann. § 627.7263 (West 1996). Robineau's rental contract contained the
relevant language in the following paragraph:


FLORIDA LAW REQUIRES HERTZ' LIABILITY PROTECTION AND
PERSONAL INJURY PROTECTION TO BE PRIMARY UNLESS OTHERWISE
STATED. THEREFORE, HERTZ HEREBY INFORMS YOU THAT THE
VALID AND COLLECTIBLE LIABILITY INSURANCE AND PERSONAL
INJURY PROTECTION OF ANY AUTHORIZED RENTAL OR LEASING
DRIVER IS PRIMARY FOR THE LIMITS OF LIABILITY AND PERSONAL
INJURY PROTECTION COVERAGE REQUIRED BY §§ 324.021(7) AND
627.736, FLORIDA STATUTES, EXCEPT . . . IF YOU ACCEPT THE
OPTIONAL LIABILITY INSURANCE SUPPLEMENT (LIS).


Robineau declined to purchase Hertz's optional liability coverage and instead signed a rental
contract that named her own auto insurance as primary in the event of an accident.

 After renting the Hertz vehicle, Robineau was the at-fault driver in a collision with
Latasha Little. Little suffered physical injury and property damage in the accident. Hertz refused
to pay Little's claim, pointing to the clause in its contract with Robineau that named her insurance
coverage as primary. Texas All Risk assumed Robineau's defense. After settling Little's claim
by paying her $11,421.49, Texas All Risk sued Hertz for reimbursement, claiming that the terms
of its own contract with Robineau made Texas All Risk's liability secondary to Hertz's.

 Hertz filed a Motion to Take Judicial Notice of Law of Other State and a Motion
for Summary Judgment. (1) Hertz argued that Florida law should apply to the dispute. Because it
was in strict compliance with the Florida statute that allowed it to shift primary liability to
Robineau's insurer, Hertz next argued that, under Florida law, primary responsibility for the
damages caused by Robineau is borne by Texas All Risk. In response, Texas All Risk filed its
own Motion For Summary Judgment and Motion that Texas Law be Applied. Texas All Risk
asserted that Texas law should be used to interpret the contracts in dispute; it argued that,
pursuant to Robineau's insurance policy as construed under Texas law, Texas All Risk was only
secondarily liable because other valid and collectible insurance--in this case, provided by Hertz--was
in place. Hertz responded that, as a self-insurer, it did not provide liability coverage to the
drivers of its cars and so could not be reached by the "other insurance" clause of Robineau's
policy with Texas All Risk.

 Generally, a self-insurer is an entity that owns a fleet of cars and has opted not to
purchase liability insurance for its cars; instead the self-insurer has obtained a certificate of self-insurance by satisfying the state that it will pay judgments in the same manner and amount as an
insurer would have if the self-insurer had purchased coverage. The parties here stipulated that
Hertz is self-insured.

 The trial court granted both motions of Texas All Risk and denied those of Hertz. 
In its final judgment, the court ordered Hertz to pay Texas All Risk $11,421.49 plus interest,
attorney's fees, and costs. Hertz perfected this appeal.


DISCUSSION

 In two issues on appeal, Hertz argues first that Florida law should be applied to this
dispute and, second, that under Florida law Hertz is only secondarily liable for the damages
suffered by Little. Hertz further argues that, even if we decide the case under Texas law, it
should prevail because, as a self-insurer, it does not provide insurance that is subject to the "other
insurance" clause of Robineau's policy with Texas All Risk. Hertz therefore asks us to reverse
the trial court's summary judgment in favor of Texas All Risk, grant instead its own motion for
summary judgment, and render a take-nothing judgment against Texas All Risk.

 When both sides move for summary judgment and the trial court grants one motion
and denies the other, we review the summary judgment evidence presented by both sides and
determine all questions presented. See Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex.
1997). If we find error, we must render the judgment the trial court should have rendered. See
id.

 On the choice-of-law issue, both sides make compelling arguments for whether
Texas or Florida law should apply to this appeal. We do not need to decide this question,
however, because no matter which state's law is applied, Hertz will prevail. Texas All Risk
concedes that it loses if Florida law is applied; Florida statutes and the judicial decisions
interpreting those statutes make it clear that, under Florida law, Hertz's contract with Robineau
shifted primary liability to Texas All Risk. Texas All Risk instead urges us to look at Texas law
to interpret the contracts in dispute and argues that Texas law gives full effect to the "other
insurance" clause in their policy with Robineau, which makes Hertz--as the holder of "other
applicable liability insurance"--primarily liable. Hertz counters that, as a self-insurer, it does not
provide "other applicable liability insurance" and so is not subject to the "other insurance" clause
in the Texas All Risk policy insuring Robineau.

 We must agree with Hertz, for Texas law has been clear for more than 40 years
that self-insurance is not "other insurance." In a 1958 case, an off-duty employee was driving
a vehicle owned by his employer when he negligently caused an accident. See Home Indem. Co.
v. Humble Oil & Ref. Co., 314 S.W.2d 861, 863 (Tex. Civ. App.--Dallas), writ ref'd n.r.e. per
curiam, 317 S.W.2d 515 (Tex. 1958). The employer was self-insured, and the employee carried
a personal auto liability policy with a standard "other insurance" clause. See id., 314 S.W.2d at
863. In a per curiam opinion refusing an application for a writ of error, the supreme court
squarely held that


the qualification of [employer] as a self-insurer . . . did not provide [driver] with
other "valid and collectible insurance" within the meaning of the policy of public
liability insurance issued to [driver] by [insurer], and that [insurer], and not
[employer], is therefore liable for full payment of the damages suffered by [the
injured party].


Home Indem. Co., 317 S.W.2d at 515.

 The supreme court reaffirmed that holding in Allstate Insurance Co. v. Zellars, 462
S.W.2d 550, 552 (Tex. 1970), which involved a fact pattern indistinguishable from that of Home
Indemnity. The supreme court expressly referenced the reasoning in the Dallas Court of Appeals'
decision in Home Indemnity, noting that the financial responsibility law that permitted fleet owners
to self-insure was intended only to protect the public from judgment-proof, negligent drivers; it
was not meant to benefit the negligent driver who has his own liability coverage. See id. (citing
Home Indem. Co., 314 S.W.2d at 865). Although the self-insured auto owner was jointly liable
to the injured party, the owner could recoup any amount it paid from the negligent employee, who
was primarily liable for his own negligence. See id. The employee, however, had no reciprocal
right to recover against the employer. See id. The Home Indemnity court had reasoned that to
relieve the insurance company of primary liability, "other insurance" within the meaning of an
other-insurance clause must be collectible by the policyholder. See id. Since the driver had no
right to collect from the self-insurer, the self-insurer did not provide other "valid and collectible
insurance" and the driver's own insurance had to be primary. See id.

 To understand why a self-insurer's coverage is not "other insurance," it is helpful
to recognize that the term "self-insurance" is a misnomer; in effect, a self-insurer does not
provide insurance at all. "To say that a self-insurer will pay the same judgments and in the same
amounts as an insurance company would have had to pay is one thing; while it is obvious that to
assume all the obligations that exist under a Standard Automobile Liability Policy is quite another
thing." Home Indem. Co., 314 S.W.2d at 865-66. A certificate of self-insurance merely shows
that the state is satisfied that the holder has the financial wherewithal to satisfy a judgment against
it within liability minimums set by the legislature. The legislatures of the states in question here
have not otherwise placed on self-insurers the burdens assumed by true insurers.

 This point was made recently by the Beaumont Court of Appeals when it held that
a self-insured rental car company had no duty to defend a negligent driver who carried her own
liability insurance coverage. See Rice v. Alamo Rent-A-Car, Inc., 987 S.W.2d 231, 234 (Tex.
App.--Beaumont 1999, pet. denied). There, Rice argued that the self-insurance statute imposed
on the self-insurer all the same duties as an insurer and that therefore Alamo had the duty to
defend her and provide primary liability coverage. See id. The court disagreed, stating that
"[n]either statute nor case law imposes upon Alamo, the self-insurer, a duty to defend or to
assume all the duties of an insurer; nor does it make the provisions of the standard Texas
automobile policy applicable to self-insurers." See id. (citing Allstate, 462 S.W.2d at 552). 
Similarly, Hertz has not assumed all the duties and burdens of an insurer. In particular, it has not
assumed the exposure to liability that an insurer of a rental car company would face under the
"other insurance" clause of a renter's personal auto liability policy.

 Texas All Risk relies heavily on another court of appeals case, Hartford Casualty
Insurance Co. v. Budget Rent-A-Car Systems, Inc., 796 S.W.2d 763 (Tex. App.--Dallas 1990, writ
denied), which held that a self-insured rental car company's liability coverage was "other valid
and collectible insurance" within the meaning of the "other insurance" clause of the renter's auto
liability policy, and that the rental car company's liability was primary. Id. at 769. Texas All
Risk's reliance on Hartford Casualty is misplaced, for that case is easily distinguished. That court
explained that it was deviating from the holdings of Home Indemnity and Allstate because Budget
Rent-A-Car had expressly contracted to provide automobile liability coverage that would be used
"before any other insurance available to Renter." Id. The court declined to allow Budget to hide
behind its status as a self-insurer to avoid liability that it had specifically promised to assume. See
id.

 Such distinguishing facts are not present in this case. Had Robineau purchased the
supplemental liability protection offered by Hertz, Texas All Risk might prevail under the
reasoning used in Hartford Casualty because Robineau would have purchased the right to have
Hertz be primarily liable. When Robineau declined that supplemental protection, she entered into
a rental contract with a self-insured vehicle owner who, according to well-settled Texas law, is
only secondarily liable for the damages she caused. Even ignoring the express rental contract
terms by which Robineau designated her own insurance provider as primarily liable in the event
of an accident, Texas All Risk cannot look to Hertz for indemnification. In the absence of
contract terms to the contrary, a self-insurer simply does not provide "other valid and collectible
insurance" to the drivers of its cars as the term is used in auto liability insurance policies. (2)


CONCLUSION

 Because Texas All Risk concedes that under Florida law it cannot seek
indemnification from Hertz, and because under Texas law a self-insurer such as Hertz does not
provide coverage that is subject to the "other insurance" clause in Robineau's contract with Texas
All Risk, we need not decide which state's law controls here. Instead, we hold that under either
state's law, Texas All Risk is primarily liable for the damages caused by Robineau while driving
the Hertz vehicle in Florida. Because the $11,421.49 paid by Texas All Risk to settle Little's
claim was within Robineau's policy limits, there is no excess liability for which Hertz is
secondarily responsible. Accordingly, we reverse the trial court's summary judgment in favor
of appellees Robineau and Texas All Risk, and we grant Hertz's motion for summary judgment,
rendering a take-nothing judgment in favor of Hertz.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Reversed and Rendered

Filed: November 4, 1999

Publish

1. Hertz also filed a counter-claim against Texas All Risk seeking reimbursement of the
$986.78 it cost to repair the vehicle Robineau was driving at the time of the accident. The trial
court denied relief, but Hertz has not raised any complaint on appeal as to that claim.
2. While we recognize that some jurisdictions have taken a different approach, the majority
of states that have considered the question have apparently agreed with Texas that self-insurers
do not provide collectible "other insurance." See Eric Hollowell, J.D., Self-Insurance Against
Liability as Other Insurance Within Meaning of Liability Insurance Policy, 46 A.L.R.4th 707
(1986). See also Southeast Title & Ins. Co. v. Collins, 226 So.2d 247, 248 (Fla. Dist. Ct. App.
1969) (proof of financial responsibility is not "insurance" for purposes of an "other insurance"
clause); United Nat'l Ins. Co. v. Philadelphia Gas Works, 289 A.2d 179, 181-82 (Pa. Super. Ct.
1972) (state-issued certificate of self-insurance was not an insurance policy and did not constitute
"other insurance" within the meaning of a liability insurance policy); Alamo Rent-A-Car, Inc. v.
State Farm Mut. Auto. Ins. Co., 953 P.2d 1074, 1076 (Nev. 1998) (per curiam) (self-insured car
rental agency fell outside reach of rule applying to insurers that mutually repugnant "other
insurance" clauses are null and void). But see Chambers v. Agency Rent-A-Car, Inc., 878 P.2d
1164, 1167 (Utah Ct. App. 1994) (auto rental company's status as self-insurer does not relieve
it of primary obligation to pay claim); Champlain Cas. Co. v. Agency Rent-A-Car, Inc., 716 A.2d
810, 814 (Vt. 1998) (rental agency does provide "other collectible insurance"); White v. Howard,
573 A.2d 513, 516 (N.J. Super Ct. App. Div. 1990) (insurance companies can look to self-insurers under the "other insurance" provisions of their policies).


ther insurance available to Renter." Id. The court declined to allow Budget to hide
behind its status as a self-insurer to avoid liability that it had specifically promised to assume. See
id.

 Such distinguishing facts are not present in this case. Had Robineau purchased the
supplemental liability protection offered by Hertz, Texas All Risk might prevail under the
reasoning used in Hartford Casualty because Robineau would have purchased the right to have
Hertz be primarily liable. When Robineau declined that supplemental protection, she entered into
a rental contract with a self-insured vehicle owner who, according to well-settled Texas law, is
only secondarily liable for the damages she caused. Even ignoring the express rental contract
terms by which Robineau designated her own insurance provider as primarily liable in the event
of an accident, Texas All Risk cannot look to Hertz for indemnification. In the absence of
contract terms to the contrary, a self-insurer simply does not provide "other valid and collectible
insurance" to the drivers of its cars as the term is used in auto liability insurance policies. (2)


CONCLUSION

 Because Texas All Risk concedes that under Florida law it cannot seek
indemnification from Hertz, and because under Texas law a self-insurer such as Hertz does not
provide coverage that is subject to the "other insurance" clause in Robineau's contract with Texas
All Risk, we need not decide which state's law controls here. Instead, we hold that under either
state's law, Texas All Risk is primarily liable for the damages caused by Robineau while driving
the Hertz vehicle in Florida. Because the $11,421.49 paid by Texas All Risk to settle Little's
claim was within Robineau's policy limits, there is no excess liability for which Hertz is
secondarily responsible. Accordingly, we reverse the trial court's summary judgment in favor
of appellees Robineau and Texas All Risk, and we grant Hertz's motion for summary judgment,
rendering a take-nothing judgment in favor of Hertz.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Reversed and Rendered

Filed: November 4, 1999

Publish

1. Hertz also filed a counter-claim against Texas All Risk seeking reimbursement of the
$986.78 it cost to repair the vehicle Robineau was driving at the time of the accident. The trial
court denied relief, but Hertz has not raised any complaint on appeal as to that claim.
2. While we recognize that some jurisdictions have taken a different approach, the majority
of states that have considered the question have apparently agreed with Texas that self-insurers
do not provide collectible "other insurance." See Eric Hollowell, J.D., Self-Insurance Against
Liability as Other Insurance Within Meaning of Liability Insurance Policy, 46 A.L.R.4th 707
(1986). See also Southeast Title & Ins. Co. v. Collins, 226 So.2d 247, 248 (Fla. Dist. Ct. App.
1969) (proof of financial responsibility is not "insurance" for purposes of an "other insurance"
clause); United Nat'l Ins. Co. v. Philadelphia Gas Works