UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41075
Summary Calendar

_____

RUBY WASHINGTON,

Plaintiff - Appellant,

v.

AVIS RENT A CAR SYSTEMS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
Galveston Division
G-01-CV-72
_____

March 6, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ruby Washington challenges the district court's summary judgment order dismissing her claims. Washington contends that the district court erred by finding that Avis Rent A Car's liability, as a self-insurer, was "limited to a maximum of $20,000 for bodily injury, and a further $15,000 for property damage." The district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court correctly applied Texas law, and we therefore AFFIRM the summary judgment order.

## DISCUSSION

The district court's order granting summary judgment is reviewed *de novo* applying the summary judgment standards applied by the district court. See, e.g., Vela v. City of Houston, 276 F.3d 659, 666 (5th Cir. 2001) Summary judgment is appropriate where there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. See id.[2]

The material facts in this case are undisputed. Washington was injured in an automobile accident and obtained a $60,000 judgment for bodily injury against Cassandra Allen.[3] Avis had rented Allen the vehicle which was involved in the accident with Washington. Washington filed this declaratory judgment action against Avis in an attempt to enforce the judgment against Allen. It is also undisputed that Avis is a "self-insurer" under Texas

---

[2]    Avis contends that this court lacks jurisdiction over Washington's appeal because Washington failed to file a timely notice of appeal. The district court's summary judgment order "administratively closed" the case for 45 days. We read this order as an order to become final on the expiration of the 45 day administrative closing. Washington timely filed her appeal 11 days after the expiration of the 45 day administrative closing. Therefore, this court has jurisdiction over this appeal.

[3]    It is also undisputed that the $60,000 judgment is an award for bodily injury damages. Washington has stipulated that the judgment is not an award for property damages.

2

law.[4]  The only issue presented by this appeal is the extent of Avis's liability to Washington.  Washington contends that Avis is liable for the entire $60,000 judgment.  Avis contends that its liability is limited to $20,000 for Washington's bodily injury.  The district court concluded that Avis's liability as a self-insurer was limited to $20,000 for bodily injury and $15,000 for property damage.  We agree.

Texas law limits the liability of a self-insurer as follows:

> [F]or accidents occurring while the certificate [of self-insurance] is in force, the self-insurer will pay the same judgments in the same amounts as an insurer would be obligated to pay under an owner's motor vehicle liability insurance policy issued to the self-insurer if such policy were issued.

TEX. TRANSP. CODE ANN. § 601.124(c).  In other words, a self-insurer is required to pay judgments in the same amounts as an insurer would be required to pay pursuant to a "motor vehicle liability insurance policy."  Texas law establishes the "minimum amounts of motor vehicle liability insurance coverage" as follows:  "(1) $20,000 for bodily injury to or death of one person in one accident . . . (3) $15,000 for damage to or destruction of property of others in one accident."   TEX. TRANSP. CODE ANN. § 601.072(a).

---

[4]    See TEX. TRANSP. CODE ANN. § 601.124 (describing the requirements for obtaining a certificate of self-insurance).

3

Washington argues, without citing supporting authority, that the coverage requirements of § 601.072(a) do not apply to self-insurers. According to Washington, Texas law does not limit the liability of a self-insurer. This argument is contrary to the text of § 601.124 and relevant case law. As quoted above, Texas law provides that self-insurers are required to pay judgments "in the same amounts as an insurer . . . ." § 601.124(c). Thus, the limitations of liability in the code applicable to an insurer are also applicable to a self-insurer. See Hertz Corp. v. Robineau, 6 S.W.3d 332, 336 (Tex. App. - Austin 1999, no pet.) (explaining that "[a] certificate of self-insurance merely shows that the state is satisfied that the holder has the financial wherewithal to satisfy a judgment against it within the liability minimums set by the legislature."). Thus, the district court correctly determined that Avis's liability is limited to $20,000 for bodily injury and %15,000 for property damage.

## CONCLUSION

The district court correctly determined that § 601.124(c) limits the liability of self-insurers to the minimum coverage amounts applicable to insurers under the code. Avis's liability to Washington is limited to $20,000 for bodily injury. Avis is not liable for property damages because Washington has not asserted a

4

claim for such property damages.  The judgment of the district court is **AFFIRMED**.